UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                                CASE NO. 8:17-cr-445-T-24TBM

GUSTAVO ENRIQUE LLANOS MIRANDA

### UNITED STATES'S MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF DEFENDANT'S PRIOR CONVICTION

The United States of America hereby moves the Court to admit the certified judgment of defendant Gustavo Enrique Llanos Miranda's prior conviction for importation of cocaine in the trial in this case.

### BACKGROUND

1. On September 19, 2017, a federal grand jury indicted the defendant and his codefendants on the following two charges: (1) conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) ("Count One"); and (2) possessing with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) ("Count Two"). Doc. 51.

2. At trial, the United States intends to prove that the defendant and his codefendants conspired to transport over 1,500 kilograms of cocaine inside a hidden compartment on a tanker vessel named FAT CROW. The United States also intends to prove that the defendant and his codefendants in fact loaded over 1,500 kilograms of cocaine onto FAT CROW and placed it inside the hidden compartment, where the U.S. Coast Guard subsequently discovered it after interdicting FAT CROW in international waters.

3. The defendant has a prior conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3), in Case No. 01-cr-834, in the United States District Court for the Eastern District of New York. *See* Exhibit A (uncertified copy of the defendant's prior conviction). In connection with this conviction, that court sentenced the defendant to a term of 51 months' imprisonment in the Bureau of Prisons. The Bureau of Prisons released the defendant from custody on March 25, 2005. The U.S. Coast Guard interdicted the defendant on board FAT CROW in this case on or about August 24, 2017.

4. Trial in this case is currently set to begin on December 11, 2017. During the course of the trial, the United States intends to introduce relevant and admissible Rule 404(b) evidence in the form of a certified judgment from the defendant's prior conviction. The United States now requests that the

Court make a pretrial determination of admissibility of a certified copy of this prior conviction.

## MEMORANDUM OF LAW

I.  **THE DEFENDANT'S PRIOR CONVICTION IS ADMISSIBLE PURSUANT TO RULE 404(b).**

Federal Rule of Evidence 404(b) makes clear that the United States may introduce extrinsic "[e]vidence of a crime, wrongs, or other act" for purposes including—but not limited to—proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) only prohibits the United States from introducing such evidence for the purpose of using it to prove action in conformity with a person's character. Fed. R. Evid. 404(b). By contrast, Rule 404(b)'s list of purposes for which the United States may introduce prior bad acts is not exhaustive, and the potential purposes for which the United States may introduce the evidence, beyond the prohibited purpose, are almost infinite. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

"Rule 404(b) is a rule of inclusion," and accordingly, "404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (*citing United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir.

1994)). The Eleventh Circuit employs a three-part test to determine whether evidence is admissible under Rule 404(b): (1) "'the evidence must be relevant to an issue other than the defendant's character;'" (2) "'there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act;'" and (3) "'the evidence must possess probative value that is not substantially outweighed by its undue prejudice.'" *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004), *cert. denied*, 541 U.S. 1091 (2004) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (*en banc*)).

Ultimately, the Eleventh Circuit reviews a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. *Miller*, 959 F.2d at 1538. The district court's decision to admit evidence under Rule 404(b) should stand unless "the evidence clearly had *no bearing* on the case and was introduced *solely* to show defendant's propensity to engage in criminal misconduct." *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005) (emphasis added).

### A. The Defendant's Prior Conviction Is Relevant to an Issue Other Than His Character.

As to the first prong of the Eleventh Circuit's test, the defendant's prior conviction for importing cocaine is critical to proving his knowing participation in the FAT CROW cocaine-smuggling venture. *See* Fed. R. Evid. 404(b)(2) (listing knowledge and intent among the non-exhaustive list of

potential purposes for which the United States may introduce Rule 404(b) evidence). The Eleventh Circuit has repeatedly held that "'[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance,' as well as involvement in a conspiracy." *United States v. Cardenas,* 895 F.2d 1338, 1344 (11th Cir. 1990) (quoting *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979); *see also United States v. Floyd*, 522 F. App'x 463, 466 (11th Cir. 2013) (same); *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (same). Additionally, when a defendant pleads not guilty, he "necessarily places intent at issue," and thus a prior conviction "[i]s admissible for the non-propensity purposes of establishing [the defendant's] intent and knowledge." *Floyd*, 522 F. App'x at 466; *see also Matthews*, 431 F.3d at 1311 ("'In every conspiracy case, . . . a not guilty plea renders the defendant's intent a material issue . . . . Evidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless [the defendant] affirmatively take[s] the issue of intent out of the case.'") (quoting *United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980)). In drug cases, a the Eleventh Circuit routinely upholds admission of a defendant's prior drug trafficking offense to prove that he acted with the requisite intent in connection with the charged offense. *See, e.g.*, *United States v. Edouard*, 485 F.3d 1324, 1344-45 (11th Cir. 2007); *United States v. Dickerson*, 248 F.3d 1036, 1046-48 (11th Cir.

5

2001). This is especially true in cases where the defense to the charged offense is "mere presence." *See United States v. Delgado*, 56 F.3d 1357, 1365-66 (11th Cir. 1995); *United States v. Dorsey*, 819 F.2d 1055, 1059-60 (11th Cir. 1987).

By pleading not guilty in this case, the defendant put his knowledge and intent at issue, and the United States may now use extrinsic evidence to prove them. There is no question that the defendant was aboard FAT CROW when the U.S. Coast Guard found over 1,500 kilograms of cocaine on the ship. Thus, to the extent the defendant argues that he did not know about the cocaine's presence onboard FAT CROW or that he did not willfully participate in the cocaine-smuggling voyage, he thrusts his knowledge and intent squarely into dispute. Accordingly, the defendant's prior cocaine importation conviction is "highly probative" of his knowledge and intent. *Cardenas,* 895 F.2d at 1344.

### B. There Is Sufficient Proof That The Defendant Committed the Prior Act.

With respect to the second prong of the Eleventh Circuit's test, the United States has sufficient evidence to demonstrate that the defendant committed the prior offense of importing cocaine for which the United States District Court for the Eastern District of New York convicted and sentenced him in Case No. 01-cr-834. In deciding whether the United States has

established this prong, the Court must simply determine whether a jury could determine that the defendant committed the prior act; the United States does not need to prove that the defendant committed the prior act by a preponderance of the evidence or by any other specific measure of proof. *Huddleston v. United States*, 485 U.S. 681, 687-90 (1988). "[E]xtrinsic evidence of a prior conviction provides sufficient proof that the defendant committed the prior bad act." *Floyd*, 522 F. App'x at 465 (citing *United States v. Delgado*, 56 F.3d 1357, 1365-66 (11th Cir. 1995)).

The United States intends to introduce a certified copy of the defendant's conviction into evidence at trial. This certified public record provides reliable proof of the conviction. *See* Fed. R. Evid. 902. Additionally, federal law enforcement agents investigating this case matched the defendant to the prior conviction in two ways. First, law enforcement officials took the defendant's fingerprints upon entry into the United States in connection with this case. They ran those fingerprints through a Department of Justice database, and the fingerprints matched a man named "Gustavo Llanos" convicted in Case No. 01-cr-834 in the United States District Court for the Eastern District of New York. The agents compared the defendant's booking photograph to that from the prior conviction, and they show the same person. Second, the agents reviewed the Department of Homeland Security

7

Alien File for the Gustavo Llanos convicted in Case No. 01-cr-834. Inside, they found a certified copy of the conviction. They also discovered that the passport number on the defendant's passport when detained in this case matches the passport number from the Gustavo Llanos Alien File.

Accordingly, the United States has sufficiently established that a jury could determine that the defendant is the same person as the Gustavo Llanos convicted of importing cocaine Case No. 01-cr-834. *See Huddleston*, 485 U.S. at 687-90.

### C. The Prior Conviction's Probative Value is Not Substantially Outweighed by its Undue Prejudice.

Finally, as to the third prong of the test—the Rule 403 analysis—the tremendous probative value of the defendant's prior conviction for importing cocaine is not substantially outweighed by any unfair prejudice. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984) (citing *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983)). Naturally, "'[a]ll evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to that defendant.'" *United States v. Terzado-Madruga*, 897 F.2d 1099, 1119 (11th Cir. 1990) (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982)). But the Rule 403 balancing test weighs in favor of admissibility. *Id.* at 1117.

Damaging or prejudicial evidence need not be excluded; it is only when evidence is *unfairly* prejudicial, specifically when the prejudicial effect of evidence "substantially outweigh[s]" its probative value, that the court must exclude the evidence. *Id.* at 1119. A district court is to, under most circumstances, admit evidence; it should only use its power to exclude evidence on a very limited basis. *Id.* at 1117.

"Determining whether the probative value of Rule 404(b) evidence is substantially outweighed by its prejudicial impact 'lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.'" *United States v. James,* 147 F. App'x 76, 81 (11th Cir. 2005) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1281-82 (11th Cir. 2003)). Analysis of these factors demonstrates that the probative value of the defendant's prior conviction is not substantially outweighed by any prejudicial impact.

1. Similarity

The similarity of the charged offenses in this case to the defendant's prior conviction weighs in favor of admission. In his prior offense, the defendant was convicted of knowingly importing cocaine into the United

States. Here, the United States must prove that the defendant knowingly possessed cocaine on board a vessel subject to the jurisdiction of the United States with the intent to distribute it, and also that he knowingly and willfully conspired to do so. The offenses charged in this case and the defendant's prior offense both involve not merely drug dealing, but international drug trafficking. Thus, the nature of the offenses charged in this case is nearly identical to the defendant's prior conviction.

### 2. Temporal Proximity

The temporal proximity of the defendant's prior conviction is also within the bounds of admissibility. Trial courts have broad discretion in determining if an extrinsic offense is too remote to be probative. *United States v. Terebecki*, 692 F.2d 1345, 1349 (11th Cir. 1982). "[A] defendant 'bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative.'" *United States v. Burton*, 337 F. App'x 786, 791 (11th Cir. 2009) (quoting *Matthews*, 431 F.3d at 1311). In making this determination, "[r]emoteness must be looked at in light of the similarity between the charged and the extrinsic evidence." *Terebecki*, 692 F.2d at 1349. While "temporal remoteness depreciates the probity of the extrinsic offense," *United States v. Beechum*, 582 F.2d 898, 915 (11th Cir. 1978), the Eleventh Circuit has found that "the significance of the

time period since the prior offense is diminished where one was incarcerated for a significant part of that time." *United States v. Borja-Antunes*, 530 F. App'x 882, 885-86 (11th Cir. 2013) (citing *United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006)).

Here, the defendant pleaded guilty to the prior offense on October 18, 2001, and the court sentenced him on April 22, 2002. *See United States v. Gustavo Llanos*, Case No. 1:01-cr-834 (E.D.N.Y. 2001), at Docs. 11, 22. Thus, his conviction is approximately 16 years old. Additionally, the defendant served prison time for several additional years into the 16-year intervening period. The Bureau of Prisons released the defendant from custody on March 25, 2005. Given the similarity of the defendant's prior offense to the offenses charged in this case, and given that the defendant was in prison until 2005, the temporal proximity of his prior conviction is within the bounds of admissibility. *See, e.g.*, *Floyd*, 522 F. App'x at 465-67 (upholding admission of a 14-year-old prior cocaine delivery conviction under Rule 404(b)); *United States v. Lampley*, 68 F.3d 1296, 1299-1300 (11th Cir. 1995) (finding intervening period of 15 years did not render extrinsic evidence of small-scale marijuana convictions inadmissible, despite the convictions' "differing nature and remoteness in time" from the defendant's charged participation in a large scale cocaine deal); *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006)

(defendant's 18-year-old prior conviction for armed robbery admitted under Rule 404(b) in prosecution for being a felon in possession of a firearm, although the defendant spent 10 of those years in prison).

### 3. Prosecutorial Need

Finally, the need for the Rule 404(b) evidence in this case is great, thereby justifying its admission. The Eleventh Circuit has recognized that the "greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." *United States v. Smith,* 350 F. App'x 320, 322 (11th Cir. 2009) (citing *United States v. Hicks,* 798 F.2d 446, 451 (11th Cir. 1986)). Here, by pleading not guilty despite the U.S. Coast Guard finding over 1,500 kilograms of cocaine on board FAT CROW, the defendant has made his knowledge and intent a central issue in the case. Accordingly, the defendant's prior conviction is necessary to prove that he knowingly possessed the cocaine on board FAT CROW.

In light of the above precedent, the probative value of the defendant's prior conviction is not substantially outweighed by any undue prejudice. Moreover, any prejudicial effect can be mitigated by a limiting instruction, presented both at the time the evidence is admitted and at the final charge to the jury. *See Ellisor,* 522 F.3d at 1268 (explaining that the "the 'scalpel' of an

appropriate limiting instruction at the time the evidence was admitted can reduce the risk of inherent prejudice" in the Rule 404(b) context).

## **CONCLUSION**

For the above reasons, the United States respectfully requests that this Court admit the certified judgment from the defendant's prior cocaine importation conviction as other acts evidence pursuant to Federal Rule of Evidence 404(b).[1]

                                                Respectfully submitted,

                                                W. STEPHEN MULDROW
                                                Acting United States Attorney

By:    */s/ Taylor G. Stout*
        Taylor G. Stout
        Assistant United States Attorney
        United States Attorney No. 171
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone:  (813) 274-6000
        Facsimile:   (813) 274-6358
        E-mail:       taylor.stout@usdoj.gov

---

[1] The United States also hereby places the defendant on notice that, should the defendant testify at trial, the United States will seek to impeach him with his prior conviction under Rule 609.

**U.S. v. Gustavo Enrique Llanos Miranda   Case No. 8:17-cr-445-T-24TBM**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Daniel L. Castillo, Esquire

                                     */s/ Taylor G. Stout*
                                     Taylor G. Stout
                                     Assistant United States Attorney
                                     United States Attorney No. 171
                                     400 N. Tampa Street, Suite 3200
                                     Tampa, Florida 33602-4798
                                     Telephone:   (813) 274-6000
                                     Facsimile:   (813) 274-6358
                                     E-mail:       taylor.stout@usdoj.gov